UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-21140-CIV-MOORE/MCALILEY

SHANTAZ COLE,

       Plaintiff,

v.

CAROLYN COLVIN, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint. [DE 33]. This matter has been referred to me by the Honorable K. Michael Moore, and is fully briefed. [DE 3, 6, 34]. Plaintiff brought this action, pursuant to 42 U.S.C. § 405(g) and 1383(c), appealing the denial of social security benefits. [DE 1, 26-1]. Defendant moves to dismiss the Amended Complaint on the ground that the initial complaint was filed after the expiration of the 60-day statute of limitations. [DE 33, pp.1-2]. Plaintiff concedes that her initial complaint was untimely, but asks the Court to equitably toll the statute of limitations and allow her action to proceed. [DE 34].

The Eleventh Circuit has held that "the doctrine of equitable tolling is available to a claimant whose §405(g) challenge in the district court was untimely," but only upon a showing of "extraordinary circumstances." *Jackson v. Astrue*, 506 F.3d 1349, 1353, 1355 (11th Cir. 2007). To establish extraordinary circumstances, Plaintiff must demonstrate

either, (1) that the defendant misled her, allowing the statutory period to lapse, or (2) that she had no reasonable way of discovering the wrong perpetrated against her. *Id.* at 1353 (quoting *Waller v. Commissioner of Social Security*, 168 Fed.Appx. 919, 921 (11th Cir. 2006) (quotation omitted).[1] Put another way, establishing "extraordinary circumstances," requires Plaintiff to show "fraud, misinformation, or deliberate concealment" that resulted in her failure to timely file her complaint. *Jackson*, 506 F.3d. at 1355. "[E]quitable tolling is an extraordinary remedy which should be extended only sparingly." *Christides v. Commissioner of Social Security*, 478 Fed.Appx. 581, 583 (11th Cir. 2012).

In this case, Plaintiff does not claim that Defendant misled her into filing late, or that Defendant engaged in any affirmative misconduct. Moreover, Plaintiff does not assert that she had no reasonable way of discovering the Commissioner's adverse decision against her, or that she did not receive notice of the filing deadline. Rather, Plaintiff argues that her delay in filing should be excused because she thought she had retained counsel to file an appeal of the Commissioner's decision.

Specifically, Plaintiff explains that her mother undertook efforts to appeal the denial of Plaintiff's benefits, as follows: (1) her mother timely hired counsel to file an appeal in this Court, (2) when she contacted the attorney, which was after the statute of limitations

---

[1] The "wrong perpetrated against her" references the final decision by the Commissioner denying benefits. The *Waller* court, in setting out this test for extraordinary circumstances, quoted the test applied in *Cabello v. Fernandez-Larious*, 402 F.3d 1148 (11th Cir. 2005). *See* Waller, 168 Fed.Appx. at 921. In *Cabello*, an action alleging the extrajudicial killing of a Chilean official, the court found equitable tolling because the circumstances of the victim's death were covered up by government officials, making it nearly impossible for the plaintiffs to "discover the wrongs perpetrated against" the victim, by the defendant, within the statute of limitations. *Id.* at 1155.

had run, her mother learned that that lawyer had not filed the appeal, (3) Plaintiff's mother had difficulty finding other counsel, and (4) she ultimately filed a *pro se* complaint in this action five weeks after the statute of limitations expired. [DE 34, pp. 2-3]. Plaintiff does not explain why her mother failed to follow up with the attorney, prior to the expiration of the statute of limitations, to confirm that the complaint had been filed.

My review of decisions of this Circuit that apply the extraordinary circumstances standard for equitable tolling of untimely social security appeals leads to the conclusion that Plaintiff has not carried her burden to allow equitable tolling here. *See, e.g., Christides*, 478 Fed.Appx. at 583 (no extraordinary circumstances where *pro se* plaintiff filed a timely complaint that was dismissed without prejudice, and then refiled the complaint 9 days after the expiration of the statute of limitations); *Collier-Fluellen v. Commissioner of Social Security*, 408 Fed.Appx at 330 (11th Cir. 2011) (no extraordinary circumstances where plaintiff's attorney miscalculated the filing date); *Jackson*, 506 F.3d at 1358 (no extraordinary circumstances where plaintiff timely filed her complaint in state court, and after state court dismissal for lack of jurisdiction, plaintiff late filed her complaint in federal court); *Broderick v. Astrue*, No. 2:10-CV-903-WKW, 2011 WL 1546168, * 1 (M.D.Ala. April 25, 2011) (no extraordinary circumstances where plaintiff suffered acute renal failure during the 60 day limitations period and filed the complaint 11 days late).

Based on the foregoing, I RESPECTFULLY RECOMMEND that

Defendant's Motion to Dismiss Plaintiff's Complaint [DE 33], be **GRANTED**, and Plaintiff's complaint be dismissed with prejudice.

Plaintiff may file written objections to this report and recommendation with the Honorable K. Michael Moore no later than fourteen days from the date of this report and recommendation. Failure to timely file objections shall bar Plaintiff from attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY RECOMMENDED in chambers at Miami, Florida, on the 5th day of April, 2016.

CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable K. Michael Moore
Counsel of record